Filed 10/26/20  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074961 |
| v. | (Super.Ct.No. RIF125592) |
| PEDRO GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Pedro Garcia, in pro. per.; and David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pedro Garcia appeals the trial court's denial of his third petition for resentencing under Proposition 36. His attorney filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S 738 (*Anders*)

1

saying they were unable to identify any errors and asking us to perform an independent review of the record. Garcia filed a personal supplemental brief arguing the trial court erred when it resentenced him in 2016 because it didn't reconsider the entire sentence. Based on our independent review of the record, we find no error and affirm.

## I. FACTS

In 2005, Garcia was involved in a fight with police which included him physically assaulting an officer and throwing a ceramic pot at him.[1]

The Riverside County District Attorney charged Garcia with assault with a deadly weapon on a peace officer (Pen. Code, § 245, subd. (c), unlabeled statutory citations refer to this code) (count 1), two counts of battery on a peace officer (§ 243, subd. (c)(2)) (counts 2 & 3), and two counts of resisting a peace officer by force (§ 69) (counts 4 & 5). They also alleged Garcia had one prior prison offense (§ 667.5, subd. (b)), one prior serious felony (§ 667, subd. (a)) and four prior strikes (§§ 667 subds. (c), (e)(2)(A) & 1170.12, subd. (c)(2)(A)). At some point, count 3 was dismissed at the court's discretion under section 1385.

Garcia was tried by jury and convicted on all remaining counts (counts 1, 2, 4, & 5). Garcia admitted to all the alleged prior offenses. (*Garcia I*, *supra*, E040647.)

The court sentenced Garcia to 25 years to life for count 1, concurrent 25-to-life terms for each of the other counts, and a consecutive five-year term for the prior serious

---

[1] Because the facts underlying Garcia's initial conviction are not relevant to resolving the limited sentencing issue presented here, we summarize the facts as stated in our nonpublished decision affirming Garcia's judgment of conviction, *People v. Garcia* (Mar. 17, 2008, E040647) 2008 Cal.App.Unpub. Lexis 2287 [nonpub. opn.] (*Garcia I*).

felony enhancement. The court struck the one-year prior prison offense enhancement, for a total aggregate term of 30 years to life.

Garcia appealed his conviction. On appeal, this court stayed the sentences for counts 2 and 4 under section 654, but otherwise affirmed the judgment. (*Garcia I*, *supra*, E040647.)

In 2016, Garcia petitioned the trial court for resentencing under section 1170.126, which was enacted by Proposition 36. The petition was heard by the original sentencing judge. The trial court dismissed one of the admitted strikes under section 1385 because the parties stipulated that the conviction forming the basis of that strike was overturned on appeal.[2] The trial court granted Garcia's petition as to counts 2, 4, and 5 because they were not serious or violent felonies. It resentenced Garcia to four-year terms for each, to be served concurrently with the sentence for count 1. In doing so, it noted "this is not a general recall of sentence that's authorized under Penal Code Section 1170, Subdivision (d), where a court can recall a case . . . and resentence the person completely."

Garcia appealed, arguing that the previously stayed terms should remain stayed. We agreed and ordered the trial court to re-impose the section 654 stays as to counts 2

---

[2] Garcia's supplemental brief also attaches a purported opposition to his petition for resentencing. In that opposition, the People apparently concede that another of Garcia's strikes should not be considered for resentencing purposes. For reasons we explain below, even accepting this representation as true does not change our ultimate conclusion.

and 4. (*People v. Garcia* (Oct. 11, 2017, E066919) 2017 Cal.App.Unpub. Lexis 6951 [nonpub. opn.].)

At this point, Garcia's total aggregate term remained 30 years to life—that is, 25 years to life for count 1, plus the five-year prior serious felony enhancement. The four-year term for count 5 was to run concurrent, and the sentences for counts 2 and 4 were stayed.

In 2019, Garcia filed a petition on his own behalf to recall his sentence under sections 1170.126, 1170, subd. (d), and 1385. The trial court denied the petition on the same day on the ground that Garcia "is not a person authorized to make an 1170[, subdivision (d),] request on his/her own behalf." Garcia did not appeal that order. Instead, he filed another, essentially identical petition a few weeks later, and it appears the trial court did not rule on it.

Then, in early 2020, Garcia filed a third substantially identical petition. This time he sought relief under section 1170.126 and *People v. Buycks* (2018) 5 Cal.5th 857 (*Buycks*). The court issued a minute order denying the petition.

Garcia timely appealed the order denying his 2020 petition.

## II. ANALYSIS

We appointed counsel to represent Garcia on appeal, and counsel has filed a *Wende/Anders* brief, setting forth a statement of the case, a summary of the facts and potential arguable issues, and asking us to conduct an independent review of the record.

4

Defense counsel's brief raised one potential issue for our consideration: whether the trial court erred in denying Garcia's 2020 petition.

We offered Garcia an opportunity to file a personal supplemental brief, and he did so, arguing that cases decided after his 2016 resentencing establish that resentencing under Proposition 36 allows a trial court to reconsider the *entire* sentencing scheme, and the court is not limited to resentencing only on the affected counts. In particular, Garcia cites *Buycks*, *supra*, 5 Cal.5th 857, *People v. Hubbard* (2018) 27 Cal.App.5th 9, and *People v. Garner* (2016) 244 Cal.App.4th 1113. He also argues that at least two of his prior strike convictions were invalid.

Garcia is correct in arguing that, in general, when an error affects part of a sentence, we must remand for a full resentencing on all counts and allegations. But this presumption does not apply where the court already imposed the maximum allowable term. (*Buycks*, *supra*, 5 Cal.5th at pp. 893, 896, fn. 15.) This is because when the trial court imposes the maximum allowable sentence, it fully exercises its discretionary authority, and cannot be expected to exercise it otherwise—that is, to lower the original sentence—even if given the opportunity.

Such is the case here. Count 1, assault with a deadly weapon on a peace officer, is a serious felony. (§ 1192.7, subd. (c)(11).) Garcia admitted to four prior strikes, meaning, even if two of those strikes were invalid or if the trial court struck them in the interests of justice, count 1 would still be eligible for sentencing as a third strike. Under section 667, subdivision (e)(2)(A)(ii), the sentence for the offense in count 1 was 25 years to life.

While the original sentencing court could have exercised its discretion to strike Garcia's prior strikes or the five-year enhancement, its decision not to do so is tantamount to imposing the maximum possible sentence on all remaining charges. In other words, Garcia is already receiving the maximum—indeed, only—possible sentence under the law, and remand would therefore be futile.

We have independently reviewed the entire record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to Garcia.

## III.  DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
                                                                                  J.

We concur:


RAMIREZ _____
                P. J.


MILLER _____
            J.