BUTZ, Acting P. J.
Defendant Sidney Scott Hubbard, a three strikes prisoner who was serving an indeterminate life sentence, successfully filed a petition for resentencing under Proposition 36. ( Pen. Code, § 1170.126.)[1] On appeal, he contends the trial court erred in resentencing him because it improperly refused to consider all aspects of his sentence, including exercising its discretion under section 1385. Defendant further argues we should remand the matter for consideration of concurrent sentences and the application of section 654. We will vacate the sentence and remand the matter to the trial court for resentencing.
FACTUAL AND PROCEDURAL BACKGROUND
Defendant received a third strike sentence in 1996, based on the commission of attempted robbery ( Pen. Code, §§ 664, 211 ) and reckless evasion of a police pursuit ( Veh. Code, § 2800.2 ), with enhancements for five prior strikes ( Pen. Code, § 667, subds. (b) - (i) ) and two prior prison terms ( Pen. Code, § 667.5, subd. (b) ). ( People v. Hubbard (Nov. 19, 2015, C073340) 2015 WL 7302197 [nonpub. opn.]; People v. Hubbard (Jan. 12, 1999, C025306) [nonpub. opn.].) We affirmed his conviction in 1999. (People v. Hubbard , supra , C025306.)
In 2012, the trial court denied defendant's petition for relief under section 1170.126 because one of his two commitments was a disqualifying serious and violent felony, and he appealed. ( *757 People v. Hubbard , supra , C073340.) In 2014, we affirmed, but our Supreme Court granted review. ( Ibid. ) Upon deciding People v. Johnson (2015) 61 Cal.4th 674, 189 Cal.Rptr.3d 794, 352 P.3d 366 ( Johnson ), our Supreme Court remanded the matter to this court. ( People v. Hubbard , supra , C073340.) In November 2015, we reversed the order denying the petition for recall of sentence for the reckless evasion conviction and remanded the matter to the trial court to "determine if defendant presents an unreasonable risk of danger to the public if resentenced." ( Ibid . )
On remand, defendant filed a request for discretionary relief under section 1385 and People v. Superior Court (Romero ) (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628, arguing that he had achieved many good deeds in prison over the past 20 years. The prosecution conceded defendant was not an unreasonable risk to public safety and not ineligible for resentencing on the reckless evasion count. However, the prosecution opposed the Romero motion, arguing it was previously heard and denied by the trial court, and defendant had failed to point to any error. In addition, there could be no resentencing on the attempted robbery count or consideration of the strikes because, "[t]hat was not sent back on remittitur from the [Court of Appeal]." Defendant argued the trial court had jurisdiction to reconsider all of the sentencing choices.
In July 2016, the trial court agreed defendant was eligible for resentencing on the reckless evasion charge but concluded it lacked jurisdiction to consider or otherwise resentence defendant with respect to the strike convictions for the attempted robbery charge, based on the limited direction from this court on remand. The trial court sentenced defendant to a consecutive indeterminate term of 25 years to life for the attempted robbery, and for the reckless evasion, a separate upper term of three years, doubled to six years due to the strike, plus five years for the prior serious conviction, plus one year for the prior prison term (totaling 12 years).
In August 2016, defendant requested resentencing, arguing the full upper consecutive term for the reckless evasion conviction was unlawful under section 1170.1. Defendant also argued he was entitled to additional custody credits. The trial court granted defendant additional custody credits but otherwise denied defendant's motion.
Defendant filed a timely appeal.
DISCUSSION
Relying on People v. Garner (2016) 244 Cal.App.4th 1113, 198 Cal.Rptr.3d 784 ( Garner ), defendant contends the trial court should have considered "all aspects" of his sentence during the resentencing hearing. According to defendant, the trial court should have considered exercising its discretion under section 1385, whether concurrent sentences were appropriate, and the application of section 654. The People disagree, relying on Johnson , supra , 61 Cal.4th at page 688, 189 Cal.Rptr.3d 794, 352 P.3d 366 for the proposition that section 1170.126 's resentencing provisions apply on a count-by-count basis. We agree with defendant and will remand the matter for resentencing.
In Garner , the defendant was convicted of receiving stolen property and admitted three prior prison terms and four strikes. ( Garner, supra , 244 Cal.App.4th at p. 1115, 198 Cal.Rptr.3d 784.) The trial court originally imposed a sentence of 25 years to life for the receipt of stolen property conviction and struck one strike and the punishment for the prior prison *758 terms.[2] ( Id. at pp. 1115-1116, 198 Cal.Rptr.3d 784.) The defendant successfully petitioned for recall of sentence under Proposition 36. ( Garner , at p. 1116, 198 Cal.Rptr.3d 784.) After finding that it retained discretion over all aspects of defendant's sentence, the trial court imposed a six-year term for the receipt of stolen property conviction and three consecutive one-year terms for the prior prison terms. ( Ibid . ) On appeal, we affirmed the trial court's decision, reasoning that a "recall" of sentence under Proposition 36 must be treated the same as a recall of sentence under section 1170, subdivision (d). ( Garner , at p. 1118, 198 Cal.Rptr.3d 784.) As we explained, " '[w]hen a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme.' " ( Ibid. ; see People v. Burbine (2003) 106 Cal.App.4th 1250, 1257-1258, 131 Cal.Rptr.2d 628 [the " 'trial court is entitled to consider the entire sentencing scheme,' " upon a remand for resentencing, given the " 'interlocking nature' " and "inherently integrated nature" of felony sentencing for a multiple-count conviction].) This "full resentencing rule" as applied by Garner was recently cited with approval by our Supreme Court in People v.Buycks (2018) 5 Cal.5th 857, 893-895, 236 Cal.Rptr.3d 84, 422 P.3d 531 in determining that, when a person is eligible for resentencing under section 1170.18, subdivision (a), the trial court must "resentence the defendant generally and must therefore reevaluate the continued applicability of any enhancement based on a prior felony conviction."
Our remand to the trial court directed the trial court to determine whether defendant was eligible for resentencing under section 1170.126. Even though defendant's eligibility for resentencing was based solely on the reckless evasion conviction, just as in Garner , once the trial court "recalled" his sentence under Proposition 36, the trial court was "entitled to consider the entire sentencing scheme." ( Garner , supra , 244 Cal.App.4th at p. 1118, 198 Cal.Rptr.3d 784.) Despite the People's contentions, Johnson does not change our analysis, since the court's limited holding addressed eligibility for resentencing, and did not purport to limit the trial court's well-settled ability to consider all aspects of the original sentence at resentencing. ( Johnson , supra , 61 Cal.4th at p. 679, 189 Cal.Rptr.3d 794, 352 P.3d 366 ["we hold ... that the presence of a conviction of a serious or violent felony does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent"].)
DISPOSITION
The sentence is vacated. The matter is remanded to the trial court to exercise its discretion in resentencing in accordance with this opinion. The trial court clerk is then directed to prepare a new abstract of judgment and to forward a certified copy of the same to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.
We concur:
DUARTE, J.
HOCH, J.

Undesignated statutory references are to the Penal Code.

The trial court struck only the punishment on the prior prison term allegations, not the true findings. (Garner , supra , 244 Cal.App.4th at p. 1116, 198 Cal.Rptr.3d 784.)