Filed 8/28/20  P. v. Madrigal CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO MADRIGAL,<br><br>    Defendant and Appellant. | E073231<br><br>(Super.Ct.Nos. RIF1805263/<br> RIF1800017) |

APPEAL from the Superior Court of Riverside County.  Eric A. Keen, Judge. Affirmed and remanded with directions.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Allison V. Acosta, and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

1

# MEMORANDUM OPINION

A jury found Roberto Madrigal guilty of felony evading a peace officer, and the trial court found he had violated his probation terms.[1] The court sentenced Madrigal to six years in prison, which included two one-year enhancements for prior prison offenses.

On appeal, Madrigal argues a change in the law requires us to strike the two prior prison offense enhancements. The People agree. We modify the judgment and remand for resentencing.

On October 25, 2017, police attempted to execute a search warrant when the target and two others, including Madrigal, fled by car. When they tried to stop the car, Madrigal fled on foot, stole a pickup truck, drove erratically on the freeway, and eventually ditched the pickup in a riverbed. He then fled on foot into a wooded area.

On January 2, 2018, the Riverside District Attorney charged Madrigal in one case (No. RIF1800017) with felony evading a peace officer (Veh. Code, § 2800.2) and unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) with a prior conviction for vehicle theft (Pen. Code, § 666.5), and alleged Madrigal had two prior prison offenses. (Pen. Code, § 667.5, subd. (b).) Madrigal pleaded guilty to both charges and admitted the allegations for a sentence of four years, suspended pending successful completion of three years' probation.

On May 3, 2018, an officer attempted to stop Madrigal, who was driving with expired registration tags. Madrigal didn't stop, and instead led the police on an extended

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law. (California Standards of Judicial Administration, § 8.1.)

chase. Again, Madrigal eventually ditched the car in a riverbed and fled on foot into a wooded area.

On December 12, 2018, the Riverside District Attorney filed a felony complaint in a second case (No. RIF1805263) charging Madrigal with felony evading a peace officer (Veh. Code, § 2800.2) and driving without a license (Veh. Code, § 12500, subd. (a)). They also filed a petition seeking to have the court find, on the basis of these charges, that Madrigal had violated his probation. They later dropped the driving without a license charge, and added allegations that Madrigal had three prior prison offenses.

On April 18, 2019, the court found Madrigal had violated his probation. Later, in the second case, a jury found him guilty of felony evading a peace officer and the court found the three prison prior allegations true. The court designated the sentence for the felony evading a peace officer conviction in the second case as the principal term. It sentenced Madrigal to the upper term of three years for that conviction and enhanced the sentence by two years for two of the three prison priors. The court struck the final prison prior enhancement in the interest of justice. It designated the vehicle theft conviction in the first case as the subordinate term and sentenced him to one year, which is one-third of the midterm for that conviction. It found the two offenses did not arise from the same act or omission, so Penal Code section 654 did not bar punishment for both, and imposed a two-year concurrent term for the felony evading a peace officer conviction in that case. This added up to a total aggregate term of six years.

Madrigal timely appealed from both the contested probation violation hearing and the final judgment of conviction. He argues Senate Bill No. 136 requires all his one-year prison prior enhancements be stricken. The People concede, and we agree.

In October 2019, the Legislature enacted Senate Bill No. 136, which amended Penal Code section 667.5, subdivision (b). (2019-2020 Reg. Sess.)  "Prior to this amendment, the statute provided for a one-year enhancement for each prior separate prison term, unless the defendant remained free from both prison custody and the commission of a new felony for a five-year period after discharge. [Citations.] After the amendment, 'a one-year prior prison term enhancement will only apply if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).' " (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 772; *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-341 (*Lopez*).) The amended statute became effective January 1, 2020. (*Lopez*, at p. 341; see Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a).) It is undisputed Madrigal was never convicted of a sexually violent offense, so the trial court can no longer impose a one-year enhancement for either of his prior prison terms.

Madrigal's conviction was not final as of the effective date of this change. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [" '[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' "].)  Because Madrigal's conviction is not yet final, and because the amended

4

statute leads to a reduced sentence, the amendment to Penal Code section 667.5, subdivision (b), applies retroactively. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681-682; *Lopez*, *supra*, 42 Cal.App.5th at p. 341; see generally *In re Estrada* (1965) 63 Cal.2d 740, 745.) Accordingly, the two one-year sentence enhancements must be stricken.

In general, when an error affects part of a sentence, we must remand for a full resentencing on all counts and allegations, unless the court already imposed the maximum allowable term. (*People v. Buycks* (2018) 5 Cal.5th 857, 893, 896, fn. 15.) The trial court imposed the maximum possible sentence in the second case (No. RIF1805263). It also imposed one-third the midterm for the subordinate vehicle theft conviction in the first case (No. RIF1800017), which is the maximum allowable sentence for a consecutive subordinate term. (Pen. Code, § 1170.1, subd. (a).) However, it chose to impose the two-year term for evading a peace officer conviction in the second case concurrently rather than consecutively. The decision whether to impose a concurrent term or a consecutive term is within the discretion of the sentencing court, so the trial court may reconsider Madrigal's overall sentence on remand. (Pen. Code, § 669; *People v. Bradford* (1976) 17 Cal.3d 8, 20.) On remand for resentencing a trial court is "[n]ot limited to merely striking illegal portions" of a sentence but "may reconsider all sentencing choices," "because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components." (See *People v. Hill* (1986) 185 Cal.App.3d 831, 834; *People v. Hubbard* (2018) 27 Cal.App.5th 9, 13.)

## DISPOSITION

We modify defendant's sentence to strike the two one-year prior prison term enhancements imposed under Penal Code section 667.5, subdivision (b), and remand for resentencing. In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

MILLER
J.