Filed 4/30/21  P. v. Estrada CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047459 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1755382) |
| v. | |
| RAYMOND ANTHONY ESTRADA, | |
| Defendant and Appellant. | |

A jury convicted defendant Raymond Anthony Estrada of making criminal threats and found true that he had suffered a prior strike conviction and a prior serious felony conviction and had served a prior prison term.  The trial court sentenced defendant to a prison term of eight years eight months.  That term included a consecutive five-year enhancement under Penal Code section 667, subdivision (a)(1)[1] for the prior serious felony conviction and a one-year enhancement under section 667.5, subdivision (b), for the prior prison term.  Following a prior appeal, we remanded the matter for resentencing in light of amendments to sections 1385, subdivision (b) and 667, subdivision (a), to allow the trial court to exercise its discretion to strike the prior serious felony conviction for sentencing purposes.  On remand, the trial court declined to strike the prior serious felony conviction; defendant appealed.  Since the resentencing, Senate Bill 136 amended section 667.5, subdivision (b), to limit prior prison term enhancements to prior prison terms that were served for sexually violent offenses.  Defendant now argues, and the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Attorney General concedes, that Senate Bill 136 applies retroactively to this case, such that defendant is no longer subject to a one-year prison prior enhancement under section 667.5, subdivision (b). We agree and reverse and remand for resentencing.

I. **BACKGROUND**[2]

The facts of defendant's offense are not relevant to the sole issue on appeal. Accordingly, we do not summarize them here.

On October 19, 2017, the Santa Clara County District Attorney charged defendant by information with making criminal threats in violation of section 422. The information also alleged that defendant had a prior strike offense conviction (§§ 667, subds. (b)-(i), 1170.12), had a prior serious felony conviction (§ 667, subd. (a)), and had served a prior prison term (§ 667.5, subd. (b)). Following trial, the jury found defendant guilty of making criminal threats. Following a separate trial on the prior conviction allegations, the jury found those allegations to be true.

On January 29, 2018, the trial court denied defendant's *Romero* motion. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The court then sentenced defendant, imposing the low term of 16 months for the section 422 violation, which was doubled to 32 months by the prior strike, a consecutive five-year enhancement for the prior serious felony conviction (§ 667, subd. (a)), and a consecutive one-year enhancement for the prior prison term (§ 667.5, subd. (b)) for an aggregate term of eight years eight months.

Defendant appealed and, in a prior opinion, this court reversed and remanded for resentencing because new legislation granted trial courts discretion to strike the prior serious felony conviction for sentencing purposes. On October 4, 2019, the trial court, on

---

[2] We previously granted defendant's request for judicial notice of the record and opinion in his prior appeal (*People v. Estrada* (May 16, 2019, H045588) [nonpub. opn.].) The procedural history set forth below is taken in part from our prior opinion.

remand, elected not to strike the prior serious felony conviction for sentencing purposes. Defendant timely appealed.

## II.    DISCUSSION

The jury found true an allegation that defendant had served a prior prison term and the trial court imposed a consecutive one-year term under section 667.5, subdivision (b). "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (§ 667.5, subd. (b).) Courts nevertheless had discretion to strike that enhancement pursuant to section 1385, subdivision (a). [Citation.]" (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681 (*Jennings*).) Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b), to limit prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341.) The changes effected by Senate Bill 136 apply retroactively to cases in which the judgment is not yet final. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)

It is undisputed that defendant has not served a prior prison term for a sexually violent offense such that, as amended, section 667.5, subdivision (b), does not apply to him. Accordingly, the true finding on the prior prison term enhancement allegation must be reversed. (See *Jennings, supra*, 42 Cal.App.5th at p. 682.) With respect to the sentence, defendant requests that the matter be remanded; the Attorney General urges us to reduce the sentence by one year to seven years eight months and affirm the judgment as modified. In support of that position, the Attorney General argues that while remand for full resentencing would ordinarily be the appropriate remedy, here remand would be an idle act, because "the court has already declined to increase the base sentence above the low term and imposing the midterm would add more than one year to the sentence,

3

and because the court has already expressly refused to strike the prior serious felony conviction or otherwise reduce appellant's sentence."

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' [Citations.]" (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["the trial court may reconsider all sentencing choices . . . because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme"].) Where, as here, the defendant was sentenced pursuant to the Three Strikes law, full resentencing may include consideration of a renewed request for discretionary relief under *Romero* based on the circumstances at the time of resentencing. (*People v. Hubbard* (2018) 27 Cal.App.5th 9, 11 [following a recall of a sentence pursuant to Proposition 36, trial court has jurisdiction to consider a request for discretionary relief under § 1385 and *Romero*].) Accordingly, we will remand for resentencing.

## III. DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to reverse the true finding on the prior prison term enhancement allegation and to resentence defendant.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

DANNER, J.



*People v. Estrada*
H047459