Filed 6/22/23  P. v. Araoz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JAVIER ARAOZ,

    Defendant and Appellant.

E079837

(Super.Ct.No. RIF076673)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Reversed and remanded.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Christopher P. Beesley and Michael J. Patty, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a resentencing hearing pursuant to Penal Code section 1172.75,[1] the court declined to consider defendant and appellant's, Javier Araoz, motion to strike one or more of his prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  On appeal, defendant contends the court abused its discretion by failing to consider his *Romero* motion.  We reverse and remand the matter for reconsideration.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

On April 19, 1999, a jury convicted defendant of unauthorized possession of drug-use paraphernalia while incarcerated in the California Rehabilitation Center.  (§ 4573.6, count 1).  Defendant admitted the truth of three prior strike conviction allegations within the meaning of section 667, subdivisions (c) through (e).[3]  Two section 667.5, subdivision (b), allegations were also found true.  The court sentenced defendant to 25 years to life in prison, imposing but staying sentence on the prior prison term allegations.  (*Araoz, supra*, E025025.)

---

[1]  All further statutory references are to the Penal Code unless otherwise stated.

[2]  On the court's own motion, we take judicial notice of our prior nonpublished opinion in defendant's appeal from the original judgment.  (*People v. Araoz* (May 31, 2000, E025025) [nonpub. opn.] (*Araoz*).)  (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)

[3]  One of the prior strike conviction allegations admitted by defendant concerned his conviction in 1993 for lewd or lascivious acts with a child under 14 years of age (§ 288, subd. (a)).

The sentencing court denied defendant's *Romero* motion noting that, "under 'normal circumstances' it would never have imposed such a lengthy sentence for defendant's otherwise 'relatively minor felony.' The court went on, however, to point out that, since defendant's crime was committed while he was in a penal institution, there was no 'long hiatus' between the present crime and his prior convictions. Further, defendant's infringement of the prison's rules, designed to protect the prisoners, amounted to an assault on the integrity of the system. It was hard, therefore, for even such a sympathetic court as itself to view defendant as falling outside the spirit of the three strikes law." (*Araoz*, *supra*, E025025.)

Defendant appealed his conviction contending, in part, that the court abused its discretion in denying his *Romero* motion. This court affirmed the judgment holding, in pertinent part, that the court had acted within its discretion in denying defendant's *Romero* motion. (*Araoz*, *supra*, E025025.)

At a hearing on September 19, 2022, pursuant to section 1172.75, the court struck the prior prison term allegations. Defense counsel noted, "I would like to renew the three-strikes motion." The court responded, "I'm disinclined on this one, and I'll explain why. He had a Romero motion." Defense counsel replied, "He had a Romero motion with a judge, who was then removed from the bench . . . ." "So to resentence him to a three-strike sentence, I think, would be improper."

The court observed, "I'm not resentencing." Defendant "got to litigate this issue at length . . . ." "I can't imagine a judge more likely to exercise his Romero

3

discretion . . . ." "I'm not going to set it for a Romero motion, and this is why. Not only was the Romero motion conducted, there was an appeal, and it was affirmed on appeal." "So the request to set this for a future Romero motion is denied."

Defense counsel noted that the matter had been set for resentencing. The court responded, "Yeah. But he is not entitled to a second Romero motion . . . . The sufficiency of the Court's ruling has been tested on appeal, and found not to be wanting. He is not entitled to another Romero motion." "[A]s to the Romero motion, he has had his day in court." "I am not inclined [since] he had . . . a Romero motion, and, especially, [] one that [has] been tested on appeal . . . . [¶] But he has had a Romero motion. It was tested on appeal. I don't think this statute gives him another bite at the apple with respect to Romero . . . ."

Defense counsel inquired, "Just so our record is super clear, then, the Court is denying us any remedy related to the three strikes before the Court resentences him to a three-strike sentence again on" the paraphernalia offense. The court responded, "I'm not resentencing him. I'm just simply striking prison priors that were never imposed."

The court noted that defendant's sentence was "Twenty-five to life, the same as it was before." "I'm not resentencing the Defendant on Count 1. He was sentenced to 25 years to life. I am declining to review the Romero[.]"

## II.  DISCUSSION

Defendant contends the court abused its discretion by failing to consider his *Romero* motion.  The People concede the matter must be reversed and remanded.  We agree.[4]

"Senate Bill No. 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75.  (Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)  Section 1172.75, subdivision (a) provides that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.'  [Citation.]  Once the Department of Corrections and Rehabilitation identifies those persons 'currently serving a term for a judgment that includes an enhancement described in subdivision (a)' to the sentencing court, 'the court shall recall the sentence and resentence the defendant.'  [Citation.]"  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).)

"In resentencing, '[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.'  [Citation.]  'The court may consider postconviction factors, including, but

---

**4** Unlike the People, we do not read defendant's opening brief as encompassing resentencing pursuant to section 1170.126.  Rather, our reading of the brief is that defendant is only addressing the court's exercise of its discretion under *Romero*.  In any event, no section 1170.126 motion to strike was made below, and we will not address any contention that could be made pursuant to its auspices for the first time on appeal.

not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Monroe*, *supra*, 85 Cal.App.5th at p. 399.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Id.* at p. 402 [reversing and remanding for resentencing where court thought it was without jurisdiction to strike firearm enhancements]; *People v. Hubbard* (2018) 27 Cal.App.5th 9, 12-13 [full resentencing includes jurisdiction to rule on *Romero* motion].)

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." ' [Citation.]" (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988; accord *People v. Lopez* (2022) 78 Cal.App.5th 459, 466-467.)

Here, contrary to the court's repeated statements, the section 1172.75 hearing was a full resentencing hearing at which the court had discretion to consider all lawful means of resentencing defendant to a lesser term. Defendant's intended Romero motion was one such vehicle which the court should have considered in exercise of its discretion. The court's apparent unawareness of and refusal to exercise that discretion was an abuse

6

of discretion.  Thus, the matter must be reversed and remanded for consideration of defendant's Romero motion.

## III.  DISPOSITION

The order is reversed, and the matter is remanded for reconsideration.  We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
J.

We concur:

RAMIREZ_____
P. J.

RAPHAEL_____
J.