Filed 4/1/25  P. v. Anderson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SCOTT WARREN ANDERSON,<br><br>    Defendant and Appellant. | F088075<br><br>(Super. Ct. Nos. CRF51007, CRF51626, CRF51703, CRF52005)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Justin Mixon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P. J., Snauffer, J. and Fain, J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

In April 2017, defendant Scott Warren Anderson pled guilty to a number of allegations brought against him in separate actions as follows:  three separate counts of corporal injury to a spouse or cohabitant (Pen. Code,[1] § 273.5), admitting he caused great bodily injury under circumstances involving domestic violence while committing one of these counts (§ 12022.7) and committing another corporal injury count while he was released on bail (§ 12022.1); four felony counts of identity theft (§ 530.5); a count of felony vandalism in an amount exceeding $400 (§ 594, subd. (b)); a misdemeanor violation of a court order (§ 166, subd. (a)(4)); and a misdemeanor count of being in possession of methamphetamines (Health & Saf. Code, § 11377).  Defendant further admitted that he had previously been convicted of a serious violent felony (§ 667, subds. (b)–(j)), and that he served a prior prison term for yet another prior conviction (§ 667.5).  Pursuant to the plea agreement, defendant was sentenced to a total term of 20 years eight months, which included the doubling of some terms due to a prior strike conviction.

In April 2023, an order was entered initiating a process to resentence defendant in the trial court.  Before he was resentenced, defendant filed a brief citing section 1172.75, and a motion citing *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, identifying grounds for reducing the sentence imposed in 2017.  The *Romero* motion specifically sought a full resentencing.

Toward the end of the resentencing hearing held on March 21, 2024, the trial court stated its view that the circumstances did not justify a full resentencing for defendant, and that the *Romero* motion would not be considered.  As a result, defendant's sentence was only reduced by one year for the prior prison term enhancement (§ 667.5).  This appeal of the new sentence followed.

---

[1]    All further statutory references are to the Penal Code, unless otherwise specified.

## **<u>DISCUSSION</u>**

Both defendant and the People agree that a remand is required to provide defendant with a full resentencing in the trial court.  Case law has become somewhat uniform in concluding that under section 1172.75, subdivision (d)(2), a trial court must apply at the time of resentencing " 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' " (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399–400.) This is so even if portions of a sentence have not been subject to legislative changes. (*Id*. at p. 401; see also § 1171, subds. (c)(2), (d).)

More specifically, effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5, limiting a trial court's ability to impose a prior prison term enhancement to those involving sexually violent offenses. (Stats. 2019, ch. 590.)  In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) stated changes made under Senate Bill 136 were now retroactive to final cases.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  As a result of this change, a *Romero* motion involving section 1385 challenges to prior strikes can now be considered during resentencing.  (See *People v. Hubbard* (2018) 27 Cal.App.5th 9, 12–14.)

Furthermore,

> " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.  [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

The trial court must consider the full sentence and the possible changes to that sentence rather than focusing on just one element. This duty is not altered by the fact the previous sentence was part of a plea agreement.[2]

## DISPOSITION

The trial court's March 21, 2024 order is vacated, and the matter is remanded for a new resentencing hearing that complies with sections 1171 and 1172.75.

---

[2] For purposes of postconviction proceedings to modify a sentence or a conviction pursuant to an ameliorative statute, including proceedings under section 1172.75, newly enacted section 1171, subdivision (c)(3) provides that "[a]ny changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2024, ch. 964, § 2.) While the plea agreement may not be rescinded as a result of changes to the sentence, the statute "does not diminish the ability of the prosecution to oppose relief requested in a postconviction proceeding." (*Ibid*.; § 1171, subds. (d), (g).)