Filed 1/12/21  P. v. Young CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>CHRISTOPHER DUKE YOUNG,<br><br>　　　Defendant and Appellant. | B303766<br><br>(Los Angeles County<br>Super. Ct. No. NA070637) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded with directions.

Robert H. Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnson and Peggy Huang, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009 Cindy CeCe Young[1] was convicted of first degree burglary and receiving stolen property. The trial court sentenced Young as a third strike offender under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12).[2] In 2014 Young petitioned for recall of her sentence under Proposition 36, the Three Strikes Reform Act of 2012 (§ 1170.126) (Proposition 36), seeking to resentence her as second strike offender. In 2017 Young again petitioned for recall of her sentence, this time under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18) (Proposition 47), seeking to recall her sentence and reclassify her felony conviction for receiving stolen property as a misdemeanor. While her petitions were pending, Young filed a motion to strike her two prior convictions of a serious or violent felony pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

The superior court granted Young's petition pursuant to Proposition 47 on count 3 for receiving stolen property, rendering her Proposition 36 petition moot, but it declined to exercise its discretion to strike her two prior convictions as to count 1 for her first degree burglary conviction because her "lengthy criminal history leading up to the commitment offenses does not put her out of the spirit of the Three Strikes law." Young contends the superior court abused its discretion in denying her *Romero* motion. We agree and reverse. We remand for the superior court

---

[1]     Young legally changed her name from Christopher Duke Young to Cindy CeCe Young and her gender identification to "nonbinary." We will use Young's preferred pronouns "she" and "her" in this opinion.

[2]     All undesignated statutory references are to the Penal Code.

2

to reconsider Young's *Romero* motion in light of her background, character, and prospects, taking into account changed circumstances since her initial sentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *The Incidents, Jury Verdict, and Sentence*
       On June 7, 2006 Susan Margeson and Kim Dupree returned to their home at lunch time and discovered certain items were missing, including an iPod, camera, night-vision scope, rings, and cash.[3]  The next day Georgia Case returned to her home and found her kitchen door wide open.  She called the police, and while she was on the phone she saw Young go over her neighbor's fence.  When she went inside her home, Case discovered three laptops were missing.  When the police arrived, they found Young hiding in a nearby garage.  The police later recovered Margeson's iPod and camera from Young's car.  Case received a letter from Young saying she regretted her actions and offering to pay for Case's laptop.

       A jury convicted Young of first degree burglary (§ 459; count 1) and receiving stolen property (§ 496, subd. (a); count 3).  Young admitted she had suffered two prior strike convictions, a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and six prior prison terms within the meaning of section 667.5, subdivision (b).  Young filed a *Romero* motion to strike her prior strike convictions, but the court denied the

---

[3]     The facts are taken from this court's opinion affirming the judgment.  (*People v. Young* (June 30, 2011, B222220) [nonpub. opn.].)

motion based on Young's history of criminal conduct and the seriousness of the present convictions. The court sentenced Young to an aggregate term of 74 years to life in prison. On count 1 for burglary, the court sentenced Young to a third strike sentence of 25 years to life, plus 10 years for the two prior serious felony convictions, and four years for four of the prior prison terms. On count 3 for receiving stolen property, the court sentenced Young to a consecutive sentence of 25 years to life plus 10 years for the two prior serious felony convictions. On appeal we struck the two 5-year sentence enhancements on count 3 as unauthorized and otherwise affirmed. (*People v. Young* (June 30, 2011, B222220) [nonpub. opn.].)

B.      *Young's Postconviction Petitions To Recall Sentence*

On July 3, 2014 Young filed a petition for recall of sentence under Proposition 36.[4] On November 17, 2015 the superior court denied the petition as to count 1 because the offense was a serious or violent felony, and it issued an order to show cause why relief should not be granted as to count 3. The People

---

[4]      Prior to approval of Proposition 36, the three strikes law provided that defendants who committed a felony and had two or more prior convictions for serious or violent felonies were to be sentenced to an indeterminate term of life imprisonment with a minimum term of at least 25 years. (§ 1170.12, former subds. (b), (c)(2)(A); *People v. Perez* (2018) 4 Cal.5th 1055, 1061-1062; *People v. Estrada* (2017) 3 Cal.5th 661, 666-667.) "Following enactment of Proposition 36, defendants are now subject to a lesser sentence when they have two or more prior strikes and are convicted of a felony that is neither serious nor violent, unless an exception applies." (*Estrada*, at p. 667.)

4

opposed the petition, arguing Young posed an unreasonable risk of danger to public safety.

While her Proposition 36 petition was pending, Young filed a petition to recall her sentence pursuant to Proposition 47 (§ 1170.18).[5] On November 29, 2017 the court issued an order to show cause why relief should not be granted as to count 3. The People opposed the petition, arguing the value of the stolen property was $7,500, exceeding the $950 maximum amount for an offense to be eligible for reclassification as a misdemeanor. In her reply, Young argued the value was less than $950.

C.     *Young's* Romero *Motion*

In anticipation of her sentence being recalled under Proposition 47, Young filed a *Romero* motion to strike one or both of her prior strikes as to count 1.[6] Young argued she committed the underlying offenses 13 years earlier and the two strikes (also burglaries) were even more remote, committed 19 and 23 years earlier. Young was 22 and 26 years old when she committed the prior strikes, at which time she was "still in a developmental phase marked by 'immaturity, irresponsibility, impetuousness and recklessness.'" Further, none of the offenses involved violence, physical injuries, or weapons, although a person was home during the 2000 burglary.

---

[5]     The appellate record does not include Young's Proposition 47 petition.

[6]     Young incorporated into her motion the arguments she made in her reply brief and exhibits filed in support of her Proposition 36 petition.

Young detailed "significant factors during [her] early development that appear to have influenced her criminal history," including being abandoned by her father, her mother's alcohol abuse that led to her being adopted, and the death of her foster father. Young suffered from gender dysphoria, which she believed contributed to her drug and alcohol use beginning when she was nine years old.

Young also highlighted her extensive participation in rehabilitation activities during her 10 years in prison. She took numerous college courses, obtained vocational training in office services, and developed job skills, including as a medical disability worker. Young participated in programs to help her gain insight and maturity, including Lifer's Group, Breaking Barriers, and Project S.P.E.A.K. She enrolled in Narcotics Anonymous to address substance abuse problems that contributed to her past criminality. Young also became involved with the community, donating money to Shriners Hospitals for Children and volunteering with the Victims Awareness Offender's Program's National Crime Victims' Week at Mule Creek State Prison, for which she received the program's 2019 Restorative Justice Achievement Award.

Young had the opportunity while in prison to address her gender dysphoria. She received hormonal treatment and was approved for sex reassignment surgery. As noted, she legally changed her name and gender identity. According to Young, these steps have allowed her to "cultivate a greater sense of self-worth and resolve past issues borne out of her gender dysphoria, including her substance abuse problem."

During her incarceration, Young was never disciplined for drug or alcohol use and never tested positive for drugs or alcohol.

She was never involved with a prison gang. In addition, Young was determined to be eligible for entry into a residential treatment program focusing on substance use disorders that provided transitional housing and job training. She located Alcoholics Anonymous meetings she would attend if released and planned to pursue her bachelor's degree. Young also noted she was less likely to reoffend given her current age (52).

Young acknowledged she received three serious rule violations and one administrative rule violation during her 10 years in prison. In 2010 Young received a serious rule violation for "willfully delaying any peace officer in the performance of duty by refusing to accept assigned housing" based on her refusal to accept a housing assignment. (Capitalization omitted.) Young explained she did not accept the housing because she believed her assigned cellmate wanted the assignment because of Young's sexual orientation.[7] In 2011 Young was found guilty of a serious rule violation for "refusal to follow direct observation therapy procedures" in connection with taking her medication. (Capitalization omitted.) In 2015 she was found guilty of an

---

[7]    Young was cleared for housing in a double cell, and she was required to house with a "compatible" inmate. Young was ordered to share a cell with an inmate determined to be compatible. Young refused, stating, "We can't cell together." Young was not receptive to counseling and refused to comply with the housing order. Young explained at the hearing on the violation, "The [o]fficer was under the impression I was black. I am homosexual, and the only reason the inmate wanted to cell with me was for that reason. On my 'J' number, I was single celled at R. J. Donovan." The rules violation report interpreted Young's statement as an admission of her intent to be housed in a single cell and that she committed the violation.

administrative offense of "disobeying written orders" in connection with the use of the library law clerk's computer to compose a document. (Capitalization and boldface omitted.) More significantly, in 2014 Young was found guilty of a serious rule violation for "fighting resulting in the [use of force] (OC grenade/OC pepper spray)."[8] (Some capitalization omitted.)

The People opposed Young's *Romero* motion, arguing her "ongoing history of criminal conduct has only been interrupted by periods of incarceration," and her "brazen conduct, targeting occupied homes . . . during daylight hours, demonstrates that she poses a danger to society." The People also relied on Young's disciplinary record while incarcerated to argue she showed "a continued pattern of violence and disobedience."

D.  *The Superior Court's Rulings*

On July 22, 2019 the superior court held a hearing on Young's petitions under Propositions 36 and 47. The People conceded Young met the criteria for reclassification of her conviction on count 3 of receiving stolen property pursuant to Proposition 47, and the court made a finding of eligibility. However, the court found Young ineligible for relief on count 1 for

---

[8] Young and her cellmate were engaged in a fight and were observed striking each other in the face and upper torso. At the hearing, Young stated she did not hear the orders to get down. Young sustained an abrasion to her forehead, a scratch on the neck area, and redness from the pepper spray. Her cellmate sustained exposure to the pepper spray. Young accepted responsibility for the incident, and Young and her cellmate signed a "Peaceful Coexistence Agreement." (Some capitalization omitted.) This was Young's only fight while in prison.

residential burglary under either proposition.  The court set Young's case for a combined suitability hearing as to count 3 with respect to both propositions.

The court held the suitability hearing on October 29, 2019, and it also addressed Young's *Romero* motion.  The court stated it was inclined to grant the Proposition 47 petition, which would moot the Proposition 36 petition.  But the court stated as to Young's *Romero* motion that it could address it "in short order." The court explained, "I would deny the *Romero*.  I don't think there's any basis.  [She] certainly earned a third strike sentence on [her] record.  And I'm not inclined—it's been my practice all along, I'm not inclined to unwind the sentence as to count one. [She] earned that, it was properly imposed, it went up to the Court of Appeal, they found it was properly imposed."  The court added, "I read your papers, I've read your pitch.  I'm not inclined to strike the one or both of the strikes as to count one, I'm not inclined to remove the two [5-]year priors.  Basically I'm not inclined to make any change, although I have discretion to do so, I also have discretion to not . . . make any changes as to the sentence in count one.  I would leave that."  Young's attorney submitted on her papers.

In its 13-page written ruling, the court addressed the statutory factors under Proposition 47 relating to dangerousness, considering Young's criminal history, disciplinary history, rehabilitative programming, age, and postrelease plans.  The court observed Young's convictions were becoming remote in time, and there was no evidence any victim had been injured

during the course of Young's criminal conduct.[9]  The court noted, however, that in one burglary the home was inhabited at the time of the offense, and during a burglary Young committed as a juvenile, she was armed with a knife.  The court concluded that "taken as a whole," Young's criminal convictions "do[] not support a finding of current dangerousness for purposes of Proposition 47."

As to Young's serious rule violations while in prison, the court noted that only the 2014 incident involved violence, and Young's "ability to stay mostly discipline free during her ten years in state prison is some evidence of her ability to follow the

---

[9]    Young was first referred to probation when she was 14 years old for taking a vehicle without the owner's consent, followed by a sustained juvenile petition two years later for displaying a weapon (a knife).  As an adult, Young suffered convictions of petty theft (1992); grand theft (1993); misdemeanor convictions of being under the influence of a controlled substance, presenting false identification to a peace officer, and resisting a public officer (1993); receiving stolen property (1994); and second degree burglary of a pickup truck (1995).  Young was sentenced to 16 months in state prison for the second degree burglary. Young committed her first strike offense (for first degree burglary) in 1996, for which she was sentenced to three years in state prison.  She was paroled in 1998, then was again convicted of first degree burglary in 2000, during which offense the victim awoke to find Young in his apartment rummaging through his clothing.  Young was sentenced to two years in state prison.  In 2002 Young was sentenced to 32 months in state prison for possession of a controlled substance, and in 2005 to 30 days in county jail for presenting false identification to a peace officer. Young committed the commitment offenses in 2006, while she was on parole.

10

rules." Further, despite having been previously incarcerated for a drug offense, Young never possessed or tested positive for a controlled substance while in prison. The court also summarized Young's "extensive self-help and education upgrades while incarcerated," including taking college courses and receiving vocational training. The court acknowledged Young's current age (52) and her postrelease plans, including organizational and family support, which also supported granting relief.

The court concluded, although Young's "past criminal conduct is lengthy, her lack of a 'super strike,' along with her minimal disciplinary history since incarceration and her eagerness to improve herself through self-help, vocational training, and education are all evidence of her suitability for relief pursuant to Proposition 47." The court noted that "Proposition 47's standard is very narrow and criminal past cannot support a finding of current dangerousness without evidence establishing a rational nexus to an unreasonable risk that [Young's] will commit a 'super strike.'" The court found that evidence was not present here "[i]n light of [Young's] performance in prison, age, participation in rehabilitative, educational and vocational programming, and release plans . . . ."

After finding Young eligible for relief under Proposition 47, the court denied Young's *Romero* motion, explaining, "The People argue [Young's] criminal history 'interrupted only by periods of incarceration' does not fall within the spirit of . . . *Romero* or section 1385. . . . The court agrees. [Young's] lengthy criminal history leading up to the commitment offenses does not put her out of the spirit of the Three Strikes law. The court declines to strike the two prior strikes pursuant to *Romero*." The court

11

added, "For the same reason, the court will not strike the remaining enhancements alleged as to Count 1."

The court granted the Proposition 47 petition and dismissed the Proposition 36 petition as moot. At the January 6, 2020 resentencing hearing, the court sentenced Young to 25 years to life on count 1 under the three strikes law plus an additional 10 years pursuant to section 667, subdivision (a)(1). On count 3 the court sentenced Young to 364 days in county jail to run concurrently with her sentence on count 1, with credit for time served. The court struck the four 1-year prison prior enhancements.

Young timely appealed.

## DISCUSSION

A.    *Governing Law and Standard of Review*
      1.    *Proposition 47*
"Approved by voters in 2014, Proposition 47 . . . reduces many common theft- and drug-related offenses from felonies to misdemeanors for offenders who do not have prior convictions for specified violent or serious offenses. The measure also permits eligible defendants who were serving felony sentences as of Proposition 47's effective date to obtain the benefit of these changes by petitioning for resentencing." (*People v. DeHoyos* (2018) 4 Cal.5th 594, 597; accord, *People v. Page* (2017) 3 Cal.5th 1175, 1179.)

If the superior court determines the petitioner meets the criteria for reclassification of his or her conviction as a misdemeanor, the court "must recall the felony sentence and resentence the petitioner based on the new classification of the

12

offense as a misdemeanor, 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'" (*People v. Valencia* (2017) 3 Cal.5th 347, 355 (*Valencia*); see § 1170.18, subd. (b).) An unreasonable risk of danger to public safety is defined in section 1170.18, subdivision (c), as "an unreasonable risk that the petitioner will commit a new violent felony" listed in section 667, subdivision (e)(2)(C)(iv), commonly referred to as "super strikes," including any homicide or attempted homicide offense, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, specified sex offenses, and any serious or violent felony offense punishable by life imprisonment or death.

In exercising its discretion to determine whether a petitioner presents an unreasonable risk of danger, the resentencing court may consider "(1) the petitioner's 'criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes'; (2) his or her 'disciplinary record and record of rehabilitation while incarcerated'; and (3) '[a]ny other evidence' the court deems relevant. (§ 1170.18, subd. (b)(1)-(3).)" (*Valencia, supra*, 3 Cal.5th at p. 355.) Courts considering whether to resentence petitioners under Proposition 47 may consider evidence outside the record of conviction and, if necessary, make factual findings. (See *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1095 ["'[a]n evidentiary hearing is required if . . . there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact'"].)

13

2. *The full resentencing rule*

When a sentence is recalled pursuant to Proposition 47, "the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*) [at resentencing following grant of Proposition 47 petition, trial court must reconsider sentence in light of changes in the law, including whether prison prior enhancement is still valid].) At resentencing, "it is well settled that . . . the defendant is entitled to 'all the normal rights and procedures available at his original sentencing' [citations], including consideration of any pertinent circumstances which have arisen since the prior sentence was imposed [citation]." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) "'[A] full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*Buycks*, at p. 893; accord, *People v. Navarro* (2007) 40 Cal.4th 668, 681 [where appellate court reversed sentence on greater offense, trial court on remand was required to exercise sentencing discretion on all counts in light of changed circumstances]; see *People v. McDowell* (2016) 2 Cal.App.5th 978, 981 ["If the trial court grants a section 1170.18 petition, it then has jurisdiction to resentence the defendant, and must do so under the generally applicable sentencing procedures found in section 1170 et seq."]; *People v. Rouse* (2016) 245 Cal.App.4th 292, 299 ["[A] resentencing hearing on a petition under section 1170.18, subdivision (a), under the circumstances of this case, is akin to a plenary sentencing hearing."]; *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118 [trial court must exercise its sentencing discretion as to all

14

aspects of the sentence following grant of Proposition 36 petition]; *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258, 1257 [on remand for resentencing following partially successful appeal, the "'trial court is entitled to consider the entire sentencing scheme'" given the "'interlocking nature'" and "inherently integrated nature" of felony sentencing for a multiple-count conviction].) This includes the court's ability to consider a request for discretionary relief under *Romero* based on the circumstances at the time of resentencing. (*People v. Hubbard* (2018) 27 Cal.App.5th 9, 11 [following a recall of a sentence pursuant to Proposition 36, trial court has jurisdiction to consider a request for discretionary relief under § 1385 and *Romero*].)

3.    *Request for discretionary relief under section 1385 and* Romero

A trial court has discretion under section 1385, subdivision (a), to dismiss a strike conviction allegation for purposes of sentencing in furtherance of justice. (*People v. Williams* (1998) 17 Cal.4th 148, 158; *Romero, supra*, 13 Cal.4th at p. 530.) In determining whether to strike a prior conviction, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161; accord, *People v. Johnson* (2015) 61 Cal.4th 674, 689; *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124.)

15

"[A] court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*); accord, *In re Large* (2007) 41 Cal.4th 538, 550 [petitioner failed to rebut "'strong presumption' [citation] that the trial judge properly exercised his discretion in refusing to strike a prior conviction allegation"].) A trial court does not abuse its discretion unless its ruling "is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at p. 377; accord, *People v. Leavel* (2012) 203 Cal.App.4th 823, 830.) The party challenging the sentence has the burden to show the sentence was irrational or arbitrary. (*Carmony*, at p. 376; *Leavel*, at p. 830.) "''In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citations.] . . . "'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'""" (*Carmony*, at pp. 376-377.)

Because the three strikes "law creates a strong presumption that any sentence that conforms to [the law's] sentencing norms is both rational and proper," there are very limited circumstances under which the appellate court will find an abuse of discretion. (*Carmony, supra*, 33 Cal.4th at p. 378.) These circumstances include where the court is unaware of its discretion to strike a prior conviction, it considers impermissible factors, or, under the circumstances, imposition of a three strikes sentence would be irrational or arbitrary. (*Ibid*.; *People v. Leavel, supra*, 203 Cal.App.4th at p. 837.) Only under extraordinary circumstances does the court's failure to strike a prior conviction

16

constitute an abuse of discretion.  (*Carmony*, at p. 378; *People v. Finney* (2012) 204 Cal.App.4th 1034, 1040 ["Once a career criminal commits the requisite number of strikes, the circumstance must be 'extraordinary' before he can be deemed to fall outside the spirit of the three strikes law."].)

B.    *The Superior Court Abused Its Discretion in Denying Young's* Romero *Motion*

Young contends the trial court abused its discretion in denying her *Romero* motion because it found with respect to her Proposition 47 petition she "does not pose a current risk of danger to public safety if released," but it still found she was outside the spirit of the three strikes law based only on her criminal record. The People contend the court properly considered Young's rehabilitation record and prospects, but her criminal history and disciplinary record supported denial of the motion.  Young's contention has merit.

The superior court in its written ruling made clear it was aware it had "the authority to reconsider [Young's] entire sentence," citing to *Buycks, supra*, 5 Cal.5th 857 and *People v. Hubbard, supra*, 27 Cal.App.5th 9.  Further, in its written ruling the court detailed Young's record of rehabilitative programming in prison, her age, and postrelease plans, although this discussion was in the section discussing her Proposition 47 petition. Generally a court "is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary."  (*People v. Myers* (1999) 69 Cal.App.4th 305, 310; accord, *People v. Galvez* (2011) 195 Cal.App.4th 1253, 1264 ["'[A]bsent a showing to the contrary, the trial court is presumed

17

to have known and followed the applicable law and to have properly exercised its discretion.'"].)

But here the record affirmatively shows the superior court denied Young's *Romero* motion based on its single finding that Young's "lengthy criminal history leading up to the commitment offenses does not put her out of the spirit of the Three Strikes law." The court similarly stated at the suitability hearing in expressing its inclination to deny the *Romero* motion that Young "certainly earned a third strike sentence on [her] record," which on appeal was found to be "properly imposed." We do not agree with Young that the superior court's finding that Young did not pose an unreasonable risk of danger to public safety under Proposition 47 necessarily meant the court should have granted her *Romero* motion, because section 1170.18 defines "unreasonable risk of danger to public safety" narrowly as an unreasonable risk the defendant will commit one of the specified super strikes. (See *Valencia, supra*, 3 Cal.5th at pp. 351-352 [holding the narrower definition of "unreasonable risk of danger to public safety" under Proposition 47 does not apply to proceedings under Proposition 36].) But here, the superior court's review of Young's rehabilitative record and prospects all favored Young. Although Young had multiple rule violations while in custody, the court noted her last serious rule violation was in 2014 and Young's "ability to stay mostly discipline free during her 10 years in state prison is some evidence of her ability to follow the rules." Similarly, the court found Young's "eagerness to improve herself through self-help, vocational training, and education are all evidence of her suitability for relief pursuant to Proposition 47." The court found that Young's

18

current age and postrelease plans, including organizational and family support, also weighed in favor of granting relief.

It may well be that the superior court concluded these positive factors were outweighed by the court's conclusion Young's prior criminal record placed her within the spirit of the three strikes law. But the incongruity of the court's favorable factual findings on issues relating to Young's background, character, and prospects with its denial of the *Romero* motion with reference only to Young's then-19- and 23-year-old strike convictions and our affirmance on direct appeal of the original sentence suggest the court did not reconsider the *Romero* motion "'in light of the changed circumstances.'" (*Buycks, supra*, 5 Cal.5th at p. 893; accord, *People v. Navarro, supra*, 40 Cal.4th at p. 681.)

We are also troubled by the court's statement at the hearing that "it's been my practice all along, I'm not inclined to unwind the sentence as to count one," suggesting it was not the court's practice to reduce a defendant's sentence further following a successful Proposition 47 or other petition for resentencing. We recognize Young was initially sentenced to 74 years to life, and as a result of her appeal, changes in the law, and the granting of Young's Proposition 47 petition, her sentence was reduced to 35 years to life, but the court was still required to exercise its discretion in deciding Young's *Romero* motion based on the circumstances in effect at the time of resentencing. We remand for this purpose.

19

## DISPOSITION

The December 9, 2019 order denying Young's motion to dismiss her prior strike convictions is reversed. The matter is remanded to the superior court to allow the court to exercise its discretion whether to strike one or both prior strike convictions after consideration of Young's background, character, and prospects, including evidence of changed circumstances since her original sentencing. On remand the court should also reconsider whether to strike the two 5-year enhancements under section 667, subdivision (a)(1).

                                                 FEUER, J.

We concur:


PERLUSS, P. J.


DILLON, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.