Filed 9/24/21  P. v. Fullbright CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B301215 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA028554) |
| v. | |
| DEREK T. FULLBRIGHT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Nicholas J. Webster, Deputy Attorney General, for Plaintiff and Respondent.

A trial jury found defendant Derek Fullbright[1] (defendant) guilty of several offenses, and the trial court sentenced him to Three Strikes law terms of 25 years to life in prison. Years later, when defendant successfully petitioned to have his sentence on one of the offenses recalled and reduced under the Three Strikes Reform Act of 2012 (Proposition 36), he asked the trial court to reconsider the entire sentence and strike or dismiss one of his prior convictions responsible for triggering the indeterminate Three Strikes law sentence that remained for another offense of conviction. The trial court refused, and we consider whether this was an abuse of discretion.

## I. BACKGROUND

In 1997, defendant struck the manager of a 7-Eleven store with a bicycle, told him not to call the police, and threatened to kill him. (*People v. Fullbright* (Apr. 27, 1999, B120171) [nonpub. opn.].) The police were called, however, and when an officer attempted to place defendant in handcuffs, defendant attempted to punch the officer and the two wrestled on the ground for several minutes. The officer suffered injuries to his hands, knees, and elbow.

A jury convicted defendant of dissuading a witness (Pen. Code,[2] § 136.1, subd. (c)(1)), criminal threats (§ 422), and battery on a peace officer (§ 243, subd. (c)). The jury further found

---

[1] Defendant's last name is spelled "Fulbright" in parts of the record, including the notice of appeal. We amend the caption to reflect the correct spelling.

[2] Undesignated statutory references that follow are to the Penal Code.

defendant sustained two prior felony convictions within the meaning of the Three Strikes law. (§§ 667, subds. (b)-(i), 1170.12.) The trial court sentenced defendant to a total of 50 years to life in prison: consecutive terms of 25 years to life for the dissuading a witness and battery crimes plus 25 years to life on the criminal threats offense, albeit stayed pursuant to section 654.

In 2014, defendant petitioned pursuant to section 1170.126 (a statute enacted as part of Proposition 36) to recall the Three Strikes sentence he received on the battery conviction.[3] The trial court initially ruled defendant was ineligible for relief, but this court reversed on appeal with directions to determine whether defendant posed an unreasonable risk of danger to public safety under section 1170.126, subdivision (f) and, if not, to resentence defendant on the battery conviction. (*People v. Fullbright* (Oct. 2, 2015, B260389) [nonpub. opn.].)

On remand, defendant submitted a sentencing memorandum in which he asked the trial court to reconsider the entire sentence and exercise its discretion to strike or dismiss one of his prior strike convictions. (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).) Among other things, defendant emphasized he had been imprisoned for more than two

---

[3]     Proposition 36 "amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. In that circumstance, unless an exception applies, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony. [Citations.]" (*People v. Johnson* (2015) 61 Cal.4th 674, 681.)

decades, during which time he earned an associate's degree, completed several reentry and career training programs, renounced his association with prison security threat groups, and obtained transitional housing.

The prosecution opposed defendant's *Romero* motion and emphasized his lengthy criminal history (including more than two dozen prior convictions, including strike convictions for first degree burglary and attempted first degree burglary) and his disciplinary record in prison.[4] Regarding the latter consideration, the prosecution explained defendant violated prison rules 10 times between 1999 and 2012, including three instances that involved violence and one that involved possession of a weapon.

The trial court granted defendant's petition to recall and reduce his sentence on the battery offense. The court imposed a new sentence of six years for that conviction, to run concurrently. The trial court, however, declined to "change the [overall] sentencing structure" for the other convictions because it believed

---

[4] As summarized in the probation officer's report, defendant's adult criminal record includes the following convictions (listed by year): first degree burglary (1981); misdemeanor battery (1983); being under the influence of a controlled substance (1985); driving under the influence (1987); selling marijuana (1988); trespassing, disturbing the peace, and several instances of obstructing/resisting a public officer (1990); trespassing, possession of a hypodermic needle, and being under the influence of a controlled substance (1991); first degree burglary, attempted first degree burglary, and possession of a hypodermic needle (1992); trespassing, being under the influence of a controlled substance, and two instances of possession of a hypodermic needle (1996); and being under the influence of a controlled substance (1997).

4

defendant "clearly would be within the spirit of the Three Strikes law" in light of his "very long criminal record." The trial court explained that although "it is true that [the voters] have changed the Three Strikes law, . . . what they have not changed is that . . . . making criminal threats and intimidating witnesses still exposes you to a 25-to-life sentence. There is no reason [the court] should depart from that." The court remarked that counsel's arguments regarding defendant's rehabilitative efforts "may be excellent arguments to make to the parole board . . . in a few years," but concluded they "[did not] persuade [the trial court] that [defendant] should be released—[that the court] should undo the entire thought-out sentencing scheme when it was originally pronounced." Thus, "to the extent there[ was] a motion under [*People v.*] *Hubbard* [(2018) 27 Cal.App.5th 9 (*Hubbard*)] or *Romero*,"[5] the court denied both.

## II. DISCUSSION

The trial court did not abuse its discretion in denying defendant's *Romero* motion. Contrary to defendant's view of the proceedings below, we do not construe the trial court's remark that defendant's rehabilitative efforts would make for an excellent argument at a future parole hearing to indicate the trial court understood them to be an irrelevant consideration in the context of his *Romero* motion. Rather, the court considered argument concerning defendant's rehabilitative efforts, weighed this against his lengthy criminal record and history of prison rule

---

[5]     As we explain momentarily, *Hubbard* holds a trial court is entitled to reconsider the overall aggregate sentence when resentencing pursuant to Proposition 36. (*Hubbard, supra*, 27 Cal.App.5th at 13.)

violations, and found defendant remained within the spirit of the Three Strikes law. That determination is not an abuse of discretion.

## A.    *Legal Framework*

When a defendant's Three Strikes sentence is recalled under Proposition 36, ""the trial court is entitled to consider the entire sentencing scheme"" at resentencing. (*Hubbard*, *supra*, 27 Cal.App.5th at 13.) ""Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme."" [Citations.]" (*Ibid.*; accord *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118.)

"Under section 1385, subdivision (a), a 'judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed.' 'In *Romero*, [our Supreme Court] held that a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in furtherance of justice" pursuant to . . . section 1385(a).' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*).)

When deciding whether to strike or dismiss a prior conviction under section 1385, a trial court must decide whether the defendant falls outside the "spirit" of the Three Strikes sentencing scheme by looking to the nature and circumstances of the present offense of conviction; the nature and circumstances of

6

prior serious or violent felony convictions; and the particulars of the defendant's background, characteristics, and prospects. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) Our review of the trial court's determination is for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at 374.)

>    B.    *Analysis*

Defendant's contention that the trial court did not appreciate that his rehabilitative efforts are relevant to his "background, characteristics, and prospects" is unpersuasive.[6] The court heard argument from both defense counsel and the prosecution regarding defendant's asserted rehabilitation, and the fact that the trial court highlighted only defendant's criminal history in ruling on the motion does not mean it did not also consider his rehabilitative efforts. (See *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary. [Citation.] Thus, the fact that the court focused its explanatory comments on [one factor] does not mean that it considered only that factor"].)

Defendant, though, seizes on the court's remark that he could make "excellent arguments" at a future parole hearing in an attempt to argue there is an affirmative record that indicates the trial court believed defendant's post-judgment conduct was irrelevant to his *Romero* motion. That is not how we read the

---

[6]    Insofar as defendant also argues the trial court was not aware of its discretion to reconsider all sentencing choices in resentencing defendant for the battery conviction, the record, including the trial court's citation to *Hubbard*, belies the contention.

record. Having already emphasized defendant's lengthy record as an important factor in its denial of defendant's *Romero* motion, the court's remark is best understood as incorporating the conclusion the court by then had already drawn (reconsideration of the entire sentencing scheme was not warranted), not as a vaguely expressed limitation on the evidence or argument the court was applying in reaching that conclusion. Indeed, the trial court's statement that it was not "persuade[d]" by defendant's showing suggests the court might have been persuaded by a stronger showing—which would not be true if the court believed such evidence was irrelevant altogether (see, e.g., *People v. Yanaga* (2020) 58 Cal.App.5th 619, 624 [reversing where the resentencing court stated it was "'putting [it]self back in the situation of [the original sentencing judge] at the time of sentencing'"].)

Coming more broadly to the question of the propriety of the trial court's fact-based ruling, the trial court did not abuse its discretion in declining to revisit the other components of defendant's sentence—including the Three Strikes law sentence for dissuading a witness, which remains a serious felony that is not directly amenable to Proposition 36 relief. (§§ 1192.7, subd. (c)(37), 1170.126, subds. (b) & (e)(1); see also *Carmony*, *supra*, 33 Cal.4th at 378.) Defendant's prior strike offenses (burglarizing a victim's home and attempting to burglarize the home again days later but fleeing because the victim was present) and the offenses for which he is now in prison are not outliers and do not suggest "a single period of aberrant behavior."[7] (*People v. Garcia* (1999)

---

[7] Nothing in the record indicates defendant's burglary offenses involved actual violence, but ""[b]urglary laws are based primarily upon a recognition of the dangers to personal safety

8

20 Cal.4th 490, 503.) Furthermore, defendant committed the offenses for which he is now in prison just one week after being paroled for an earlier offense and defendant's record of prison rule violations begins where his criminal record ends. Several of defendant's 10 serious prison rule violations involve violence: mutual combat in 1999 and 2003, battering another inmate in 2010, and possessing a weapon in 2012. Thus, while it is true that remote in time strike convictions may "'wash[ ] out'" following "a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways[,]" "[w]here, as here, the defendant has led a continuous life of crime after the prior, there has been no 'washing out' . . . ."[8] (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

---

created by the usual burglary situation—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime or to escape and the danger that the occupants will in anger or panic react violently to the invasion, thereby inviting more violence.'"" (*Magness v. Superior Court* (2012) 54 Cal.4th 270, 275.)

[8] Richard Subia, a former California Department of Corrections and Rehabilitation official retained to opine on whether defendant posed an unreasonable risk to public safety, submitted a report indicating defendant's request for placement in a special needs unit in 2012 allowed him to "get away from prison politics" and remain discipline-free. Even treating defendant's progress in this placement between 2012 and 2019 as a point in his favor, the trial court's continued skepticism of the significance of such progress was reasonable in light of the failure of prior rehabilitative efforts: some of the evidence defendant highlights to demonstrate his rehabilitation, for instance, his

Although we will accordingly affirm the trial court's order on defendant's 1170.126 petition, the parties agree we should also order the abstract of judgment corrected to state defendant's sentence on the battery charge was imposed to run concurrently with the prison term for dissuading a witness.  We will do so.

## DISPOSITION

The clerk of the superior court is directed to prepare an amended abstract of judgment that reflects defendant's sentence on count three is to run concurrent with his sentence on count one.  In all other respects, the judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.

_____

completion of a degree in 2006, predates serious prison rule violations.