Filed 5/25/22  P. v. Machado CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B313222 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA036692) |
| v. | |
| OSCAR GERALD MACHADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Roberta L. Davis and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Oscar Gerald Machado was convicted in 1998 of second degree burglary of a vehicle and first degree burglary of a residence. Because defendant previously had been convicted of two counts of armed robbery, the trial court sentenced him under the "Three Strikes" law on both counts.

Following passage of Proposition 36, the Three Strikes Reform Act of 2012, defendant petitioned to recall his sentence. The trial court issued an order to show cause as to the vehicle burglary count, but denied the petition as to the residential burglary count, finding it was ineligible for resentencing under Proposition 36. Citing the "full resentencing rule," defendant nonetheless requested that, should the trial court recall his sentence on the vehicle burglary, that it reconsider his sentence on the residential burglary as well and dismiss the prior strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

The trial court granted the petition to recall defendant's sentence on the vehicle burglary, but denied the request to dismiss the prior strikes on the sentence for the residential burglary. Defendant moved for reconsideration, contending the trial court did not consider all the required factors for a *Romero* motion. The trial court granted reconsideration and issued a new memorandum of decision, but maintained its prior ruling denying the *Romero* motion.

We reject defendant's argument on appeal that the trial court abused its discretion by denying his *Romero* motion. Defendant's criminal history is a pattern of crimes followed by imprisonment followed by more crimes, supporting the trial court's conclusion that defendant is a recidivist within the spirit of the Three Strikes law. The trial court properly considered

factors such as defendant's age at the time of his strike offenses, his current age, and his record of rehabilitation in prison, and it was neither arbitrary nor irrational to find these factors did not weigh in favor of dismissing the strikes.

Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Criminal history*

Defendant was born in May 1969. From 1989 to 1991, defendant was arrested and convicted on multiple occasions, including for two counts of misdemeanor petty theft, misdemeanor carrying a concealed weapon, possession of a controlled substance, burglary (to which defendant pleaded no contest as a misdemeanor), giving false identification to a police officer, taking a vehicle without the owner's consent, and grand theft of a vehicle.

On November 8 and 12, 1990, defendant, then age 21, committed two armed robberies, the strike offenses at issue in this appeal. During the first, defendant and his brother approached the victim brandishing handguns, and one of the perpetrators said, "Give me your wallet or I'll blow your head off." During the second robbery, defendant demanded the victim's wallet while placing a handgun against the victim's head. For these crimes defendant was convicted in March 1991 of two counts of second degree robbery, with a firearm enhancement to which defendant admitted as to one of the counts. He was sentenced to five years in prison, and paroled in July 1993.

In September 1993, defendant was convicted of receiving stolen property and sentenced to two years in prison. In

October 1994, he was convicted of possession of drugs in prison and sentenced to an additional 32 months.

In March 1998, defendant pried open the door of a locked vehicle, ransacked the interior, and removed property including the car stereo.  In April 1998, he broke into a car in a parking complex attached to an apartment building.  Defendant was convicted of second degree burglary of a vehicle (count 1) and first degree residential burglary (count 2).  Because of defendant's two prior robbery convictions, the trial court sentenced him under the Three Strikes law (Pen. Code,[1] §§ 667, subds. (b)–(j), 1170.12.), imposing consecutive 25-to-life sentences on each count, with an additional five years under section 667, subdivision (a)(1), for a total of 55 years to life.

## 2.    *Petition for resentencing*

In April 2013, defendant petitioned for recall of his sentence and resentencing under section 1170.126, part of Proposition 36.  After proceedings that included an appeal that reached our Supreme Court (see *People v. Johnson* (2015) 61 Cal.4th 674),[2] the trial court in September 2015 issued an order to show cause as to count 1, burglary of a vehicle.  The court denied the petition to recall the sentence on count 2, residential burglary, finding it was a serious felony ineligible for relief under section 1170.126, subdivision (e)(1).

The People filed an opposition to defendant's petition in January 2016.  After obtaining numerous requests for extensions of time, defendant filed a reply to the opposition in October 2018.

---

[1] Unspecified statutory citations are to the Penal Code.

[2] The *Johnson* opinion also addressed defendant's case.

4

In a filing in November 2019, defendant argued that under the "full resentencing rule," should the trial court grant his petition to recall his sentence on count 1, the trial court could reconsider his entire sentence, including the sentence on count 2. Defendant requested in that event, the court exercise its authority under *Romero* to dismiss the prior strikes underlying his sentence on count 2.

In another filing, defendant requested the trial court exercise its authority under section 1385 to dismiss the five-year section 667, subdivision (a)(1) enhancement.

In a memorandum of decision dated November 30, 2020, the trial court granted the petition to recall the sentence on count 1. The trial court further granted defendant's request to dismiss the section 667, subdivision (a)(1) enhancement.

The trial court denied the *Romero* request to dismiss the prior strikes on count 2. In support of the denial, the court explained that both strikes involved a threat of or potential for violence, and defendant was armed with a firearm in both incidents. The court stated, "[S]ociety has a legitimate interest in the fair prosecution of properly charged crimes and [defendant] did ultimately commit both strike priors and should be penalized for his recidivism, which is [the] point of the Three Strikes Law."

On December 14, 2020, the People, citing directives from the newly elected District Attorney, withdrew their opposition to defendant's petition, and conceded that he was suitable for resentencing. The People also joined in defendant's "request to strike all alleged sentence enhancements."

On February 8, 2021, defendant filed a motion for reconsideration of the denial of his *Romero* request to dismiss the prior strikes. Defendant contended the trial court failed to

5

consider "the nature and circumstances of [defendant's] present felonies; the remoteness of the strike priors; [defendant's] youth at the time he committed the strike priors; his positive rehabilitative efforts while in prison; his age; his access to inpatient and outpatient mental health and chemical dependency services if released; and his extremely strong family support." Defendant also contended the People in their concession agreed the trial court should grant the *Romero* motion.

### 3.  *The trial court's ruling*

On March 3, 2021, the trial court issued a memorandum of decision granting reconsideration but again denying the *Romero* motion.  Regarding defendant's commitment offenses, i.e., the two burglaries, the court acknowledged they were remote, having been committed more than 20 years earlier, and that the victims were not injured.  The court disagreed with defendant, however, that " 'on the spectrum of criminal behavior' " the crimes were " 'less reprehensible,' " especially given that "burglary of a residence is a distinct and more serious offense than other burglaries due to the higher risk to personal safety that residential burglaries create."

Regarding the conduct underlying the prior strikes, the trial court again noted the threat of violence and potential for violence.  The court recognized defendant was a youthful offender at the time, but noted defendant "continued to commit crimes until the commitment offenses in 1998, at which time he was no longer a youth offender."  The court acknowledged the prior strikes, like the commitment offenses, were at this point remote in time.

Regarding defendant's other criminal history, the trial court "f[ound] that it is extensive but remote, given that he has

been incarcerated for 22 years since the commitment offense in 1998."

The trial court noted defendant's disciplinary record in prison, which included over 20 serious rule violations, approximately eight of which involved violence.  The most recent infractions involving violence had occurred in 2012.  More recently, between December 2016 and October 2019, defendant had been disciplined for alcohol possession, drug possession and distribution, disobeying orders, attempting to dissuade staff from reporting a violation, and theft.  The court stated, "Given that [defendant's] criminal history consisted primarily o[f] drug or theft offenses [citation], the court finds that his recent disciplinary history is still highly relevant and is not supportive of a finding that [defendant] falls outside the spirit of the Three Strikes law."

The trial court acknowledged that at 51 years old defendant was "potentially 'aging out' of any real risk of serious criminality," but noted defendant was still committing infractions in prison as recently as October 2019.  The court found defendant's "rehabilitative programming history was fairly limited," noting in particular that despite his history of substance abuse, defendant had not joined Narcotics Anonymous until 2016.  The court intimated this latter fact undercut defendant's suggestion that he would avail himself of drug dependency and mental health services upon his release.

The trial court found "the People's concession has no effect on the factors that the court is required to consider . . . , and that the court would have reached the same result with or without an opposition to the *Romero* motion."

The trial court concluded that upon consideration of the above evidence and factors, defendant was "not outside of the spirit of the Three Strikes Law," and the court therefore declined to dismiss the prior strikes.

On April 27, 2021, the trial court vacated the sentence on count 1 and resentenced defendant to the high term of six years, to be served concurrently with the 25-to-life sentence on count 2. Defendant was 51 years old at the time of resentencing.

Defendant timely appealed.

## DISCUSSION

The Supreme Court held in *Romero* that under section 1385, courts may, "in furtherance of justice," "strike prior felony conviction allegations in cases brought under the Three Strikes Law." (*Romero*, *supra*, 13 Cal.4th at pp. 529–530.)  In doing so, a court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

When a trial court recalls a sentence on one of multiple counts under section 1170.126, during resentencing the court is " ' "entitled to consider the entire sentencing scheme," ' " and " ' "reconsider all sentencing choices," ' " including on counts ineligible under section 1170.126. (*People v. Hubbard* (2018) 27 Cal.App.5th 9, 13.)  This is referred to as the " 'full resentencing rule.' " (*Ibid.*)  The parties do not dispute that under this rule, the trial court properly could consider

8

defendant's *Romero* motion as to count 2 after recalling the sentence on count 1.

A trial court's denial of a *Romero* motion is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) Under this standard, "a ' "decision will not be reversed merely because reasonable people might disagree." ' " (*Id.* at p. 377.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*)

Our Supreme Court has explained that the Three Strikes law "establishes a sentencing norm," and "creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony, supra,* 33 Cal.4th at p. 378.) The circumstances under which a defendant meeting the statutory conditions of a Three Strike sentence nonetheless " 'fall[s] outside the spirit of the . . . scheme' " "must be 'extraordinary.' " (*Ibid.*) Thus, "the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Ibid.*)

This is not an extraordinary case. Defendant's prior strikes were textbook violent felonies, armed robberies in which the victims were threatened with death by word ("I'll blow your head off") and action (placing a handgun to the victim's head). After serving his sentence for those crimes, defendant continued to commit crimes, albeit less serious ones, and was back in prison within months. Shortly upon release from that second incarceration, he committed the two burglaries at issue here, including one in the parking area of an apartment building, a

9

crime the trial court properly noted involved an increased risk to personal safety given the presence of residents nearby.

Defendant's history therefore demonstrates a pattern of recidivism over an eight- or nine-year period in which defendant was either committing crimes or in prison. Although he qualified as a youth offender at the time he committed the strike offenses (see § 3051, subd. (a)(1) [defining "youth offender" as one "who was 25 years of age or younger . . . at the time of the controlling offense"), he showed no signs of ceasing his criminality once he was no longer a youth offender, as the trial court observed. While we commend his efforts at rehabilitation while in custody, the trial court was reasonable to conclude defendant has not been a model prisoner deserving of the extraordinary remedy of vacating a properly imposed Three Strikes sentence.

Defendant argues his commitment offenses, the burglaries, were not "the kind of criminal conduct that is within the spirit of the Three Strikes law," because they did not involve physical violence or weapons, no victims were injured, they were not gang-related, and defendant was struggling with drug dependency at the time. Defendant also contends "the court failed to acknowledge" his residential burglary conviction was for breaking into a vehicle in an apartment parking complex, with no evidence he entered a residence.

The fact defendant's commitment offenses were nonviolent is by no means determinative—the Three Strikes law applies to "serious" as well as "violent" felonies, and first degree burglary is an enumerated "serious felony." (See §§ 667, subd. (b); 1192.7, subd. (c)(1).) The trial court fully acknowledged defendant's particular conviction was for breaking into a vehicle in a residential parking complex because the court included those

10

details in its memorandum of decision.  It was not an irrational or arbitrary conclusion that under those circumstances the offense was serious and threatened public safety.  Targeting a vehicle *anywhere* on a residential property increased the risk defendant would encounter a resident, making the crime more serious than had he broken into a car on the street.

Defendant argues, "The trial court abused its discretion by giving insufficient weight to appellant's youth at the time of his underlying strikes and the nature of the offenses."  The thrust of defendant's argument appears to be that his crimes at this point are decades in the past, committed when he was in his twenties, and now that he is in his fifties, he is unlikely to recidivate.

The trial court did not have to credit defendant for two decades free from additional violent or serious felonies when defendant has been in prison that entire time.  Before his latest incarceration in 1998, his conduct demonstrated a pattern of continued criminality despite his prior prison terms.  The trial court reasonably could conclude defendant is the type of offender the Three Strikes law was designed to dissuade.

Defendant contends the trial court overstated the significance of his prison infractions, which he contends did not involve "weapons, assaultive behavior against staff, or gang behavior," nor had he any infractions related to drug use.  Assuming arguendo defendant's characterization of his infractions is correct, the fact remains that he has committed many infractions in prison, and thus the trial court reasonably could find he had not shown such rehabilitative progress in prison as to override the considerations militating against his *Romero* request.

11

This case is not comparable to *People v. Avila* (2020) 57 Cal.App.5th 1134 (*Avila*), cited by defendant. In *Avila*, the defendant was convicted in 2018 of attempted second degree robbery and attempted extortion after he demanded "rent" money from two sidewalk fruit vendors and squashed several bags of their oranges. (*Id.* at p. 1139.) Avila admitted to three previous strike convictions: a second degree robbery and assault with a knife in 1990, and a second degree robbery in 1992. (*Id.* at pp. 1140–1141.) The trial court denied his *Romero* motion and sentenced him to 25 years to life plus 14 years. (*Id.* at p. 1139.)

Division Three of this court held the trial court abused its discretion by denying the *Romero* motion. (*Avila*, *supra*, 57 Cal.App.5th at p. 1138.) The appellate court reasoned that the trial court incorrectly believed it could not consider either the remoteness in time of the strike offenses or defendant's youth at the time he committed those offenses as mitigating factors. (*Id.* at pp. 1141–1142.) Those factors weighed in favor of granting the *Romero* motion, concluded the appellate court, because the strikes were "committed when [the defendant] was of diminished culpability based on his age," and the defendant had not committed a violent felony since, "showing that the severity of his record is decreasing." (*Id.* at pp. 1143, 1145.) His last felony offense had been in 2008 for drug possession, an offense since reclassified as a misdemeanor. (*Id.* at p. 1143.)

The appellate court disagreed with the trial court's characterization of the commitment offenses, the attempted robbery and extortion, as "brutal" and "violent," when "Avila did not use a weapon or otherwise use physical violence against the victims, nor did he make any specific threats. He squashed oranges." (*Avila*, *supra*, 57 Cal.App.5th at p. 1142.) Although

12

subsequent to his strike offenses he had been convicted of a number of less serious offenses, "[m]uch of his criminal conduct appears to be related to his drug addiction rather than to sinister motives and falls well outside the realm of what could be considered the work of a career criminal." (*Id.* at p. 1145.)

The appellate court further noted that the defendant was 47 years old at the time of sentencing, and the sentence imposed "means he will likely die in prison." (*Avila, supra,* 57 Cal.App.5th at p. 1144.) "The length of a sentence is the 'overarching consideration' in deciding whether to strike a prior conviction because the underlying purpose of striking a prior conviction is the avoidance of unjust sentences." (*Ibid.*)

In addition to finding the trial court had abused its discretion, the appellate court concluded the sentence imposed constituted cruel and unusual punishment under the California Constitution: "Life in prison for destroying fruit, even when done by someone with a criminal record in the course of an attempted robbery, robs recidivist sentencing of its moral foundation and renders the solemn exercise of judicial authority devoid of meaning." (*Avila, supra,* 57 Cal.App.5th at p. 1151.)

The issue in *Avila* was whether it was just, and indeed constitutional, to sentence a 47-year-old to life in prison based on crimes he committed decades earlier at ages 18 and 20, when his current offense was, as the appellate court put it, "squash[ing] oranges." (*Avila, supra,* 57 Cal.App.5th at p. 1142.)

The instant case does not present an equivalent issue. When defendant received his Three Strikes sentence, his strikes were *not* remote, having been committed only eight years earlier, and defendant had been in prison most of the intervening period. There thus was a pattern of recidivism over a relatively short

13

period between the strikes and commitment offenses, a pattern absent in *Avila*.

In *Avila*, moreover, the defendant had significant periods of time out of custody since committing his strike offenses in which to demonstrate his lack of violent criminality. Defendant here cannot be judged by the same rubric, because he has been in prison most of his life since committing the 1990 robberies. Thus, whereas the span of time in *Avila* provided assurance the defendant was not in fact the type of recidivist targeted by the Three Strikes law, there is no such assurance in the instant case.

In further contrast to *Avila*, there is no indication the trial court failed to consider the appropriate factors, such as defendant's youth or the remoteness of the strike offenses. The trial court expressly acknowledged those factors, but ruled they were outweighed by other considerations. Also unlike *Avila*, there is no indication the trial court misunderstood or mischaracterized the severity of the commitment offenses. As we have discussed, burglary of a portion of a residential property is a serious and potentially dangerous offense, even if the perpetrator never enters an actual residence.

Lastly, the concern in *Avila* that the trial court was effectively sentencing a 47-year-old to die in prison is not present here. Defendant began serving his 25-to-life sentence on count 2 in 1998, and therefore has completed most of his required minimum sentence already.

In short, *Avila* is distinguishable, and there was nothing irrational or arbitrary about the trial court's ruling.

14

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.