Filed 2/14/24  P. v. Mathis CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GERALD MATHIS,<br><br>Defendant and Appellant. | B329383<br><br>(Los Angeles County<br>Super. Ct. No. NA102983) |

THE COURT:

Defendant and appellant Gerald Patrick Mathis (defendant) appeals from the sentence entered after the trial court recalled his prior sentence pursuant to Penal Code section 1172.1.[1]  Defendant's appointed counsel found no arguable issues and filed a brief requesting we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Following the standard articulated in *Delgadillo*, we consider defendant's supplemental brief and exercise our

---

[1]     All further unattributed code sections are to the Penal Code unless otherwise stated.

discretion to conduct an independent review of the record. (See *id.*, at pp. 230–232.) Finding the record indicates the parties agreed to a reduction in sentence which the court imposed, we affirm the order.

## BACKGROUND

### The original sentence and resentencing

In 2017, defendant was convicted by jury of having committed two counts of second degree robbery in violation of section 211 and four counts of false imprisonment by violence in violation of section 236. After defendant waived a jury trial as to allegations of prior convictions, the trial court found the allegations to be true. The court denied defendant's *Romero* motion to strike his prior serious or violent felony convictions alleged under the Three Strikes law,[2] and sentenced him on each of counts 1 and 2, to a third strike prison term of 25 years to life, plus two five-year enhancements pursuant to section 667, subdivision (a) and one-year pursuant to section 667.5, subdivision (b). The court imposed the middle term of two years as to each of counts of 3 and 4 and stayed the terms under section 654. As to count 5, the court imposed a consecutive two-year term, doubled to four years as a second strike, plus a five-year enhancement pursuant to section 667, subdivision (a), and a one-year enhancement pursuant to section 667.5, subdivision (b). Defendant was sentenced on count 6 to one-third the middle term of eight months, doubled as a second strike, plus a five-year enhancement pursuant to section 667, subdivision (a), and a one-year enhancement pursuant to section 667.5, subdivision (b). Defendant's aggregate prison term was 88 years and four months to life.

---

[2]     Under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530, a trial court has discretion to dismiss a strike conviction allegation under section 1385.

2

On appeal, we affirmed the judgment of conviction but struck the enhancements imposed as to counts 5 and 6 pursuant to section 667, subdivision (a)(1), and remanded the matter to permit the trial court to exercise its discretion whether to strike other enhancements imposed pursuant to that section. (*People v. Mathis* (Mar. 27, 2019, B282869) [nonpub. opn.]. On September 16, 2019, the trial court chose not to strike the remaining enhancements. An amended abstract of judgment showing no enhancements imposed on count 5 pursuant to section 667, subdivision (a)(1) was issued.

In an August 18, 2022 letter to the trial court,[3] the Department of Corrections and Rehabilitation (CDCR) recommended recalling defendant's sentence and to consider resentencing defendant in accordance with section 1172.1, subdivision (a)(1). The trial court scheduled a hearing for March 8, 2023.

At the hearing, the trial court ordered the enhancements previously imposed under section 667, subdivision (a) and section 667.5, subdivision (b) stricken. The court resentenced defendant on each of counts 1 and 2 to a consecutive term of 25 years to life in prison, and to the middle term of four years on count 5, and on count 6, to the middle term of 16 months. The court imposed the original sentences on counts 3 and 4 (two years each), and again they were stayed pursuant to section 654.

Defendant filed a timely notice of appeal from the judgment.

## DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we may, but are not required to conduct an independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at pp. 226, 232.) Whether or not we

---

[3] We grant defendant's motion to augment the record with a copy of the CDCR letter and a minute order issued by the court on September 15, 2023.

3

independently review the record to identify unraised issues in such a case, we give the defendant the opportunity to file his or her own supplemental brief or letter and we evaluate any specific arguments raised.  (See *id.*, at p. 232.)

Here, counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. We notified defendant of counsel's brief, gave him 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered, and advised him that if no supplemental brief or letter is timely filed the court might dismiss the appeal as abandoned.  Defendant filed a supplemental brief within the time allowed, that we have reviewed and considered.  We exercise our discretion to independently review the record for arguable issues.

Defendant contends he was entitled to full resentencing with consideration of his mental illness and developmental disabilities discovered and documented in his C-file.[4]  He criticizes defense counsel for failing to advocate full resentencing based upon the evidence contained in his C-files, his rehabilitation efforts, the letter he sent to defense counsel describing the childhood trauma he suffered, his many years of substance abuse, and how they influenced his criminal behavior.  Defendant attached a copy of that letter to his supplemental brief, as well as copies of letters of apology he wrote to the victims in March and April 2022, certificates of completion of rehabilitative programs, and a self-prepared "Criminal Lifestyle Intervention & Prevention Plan."  Defendant asserts he provided these materials to defense counsel on November 8, 2022, but counsel did not present them to the court.  Defendant also criticizes appellate counsel, as defendant disclosed to counsel the documents described above to which counsel allegedly replied, "The record is brief, and [defendant's] personal

---

[4]    C-files are confidential inmate files maintained by the CDCR. (*People v. Landry* (2016) 2 Cal.5th 52, 71.)

4

achievements in the rehabilitative process 'do-not' have any significant impact on the re-sentencing hearing."

**Resentencing pursuant to section 1172.1**

Defendant was originally sentenced in 2017 and resentenced in 2019. At all relevant times prior to January 1, 2022, former section 1170, subdivision (d)(1) (former § 1170(d)(1)) provided the trial court with jurisdiction to recall and resentence defendant. (*People v. Braggs* (2022) 85 Cal.App.5th 809, 817 & fn. 4 (*Braggs*); Stats. 2020, ch. 29, § 14, eff. Aug. 6, 2020.) With the passage of Assembly Bill 1540, which became effective January 1, 2022, the Legislature added former section 1170.03 in order to make clarifying changes to former section 1170(d)(1), and made clear the statute's intent was to require that resentencing proceedings pursuant to section 1170.03 include the application of "ameliorative laws . . . that reduce sentences or provide for judicial discretion, regardless of the date of the offense or conviction." (Stats. 2021, ch. 719, § 1(i).) (*Braggs, supra*, at pp. 817–818.) Section 1170.03 was renumbered section 1172.1 effective June 30, 2022, without substantive changes and continues to authorize the trial court, upon the recommendation of the secretary of the CDCR to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, . . . provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).)[5] At

[5] In addition, upon such a request from the CDCR, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).) Section 1170.18, subdivision (c) refers in turn to section 667, subdivision (e)(2)(C), clause (iv) which " 'identifies eight types of particularly serious or violent felonies, known colloquially as "super strikes." ' " (*Braggs, supra*, 85

5

defendant's March 2023 resentencing, section 1172.1, subdivision (a)(4) provided "the court *may* consider postconviction factors," although effective January 1, 2024, that provision was renumbered subdivision (a)(5) and now states that "the court *shall* consider postconviction factors." (Stats. 2023, ch. 795. § 1.5., italics added.)

If the court recalls and resentences the defendant, it must "apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) Postconviction factors to consider include but are "not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and . . . if the defendant has experienced psychological, physical, or childhood trauma . . . ." (§ 1172.1, subd. (a)(5).) In addition to adding former section 1170.03, Assembly Bill 1540 amended former section 1170 by adding subdivision (b)(6)(A) requiring the court to consider a lower term if childhood trauma was a contributing factor in the commission of the alleged offense. (Stats. 2021, ch. 719.)

**Defendant's resentencing**

The prosecutor filed a response to the CDCR letter requesting the trial court recall and resentence defendant in accordance with section 1172.1, subdivision (a)(1). The prosecutor recommended striking the allegations under section 667, subdivisions (a)(1) and (b)(1) and leaving the remainder of the sentence for a total term of 55 years, four months to life in prison. The prosecutor acknowledged there was insufficient

---

Cal.App.5th at p. 818, quoting *People v. Valencia* (2017) 3 Cal.5th 347, 351.) Here, the prosecution conceded it had no affirmative evidence that defendant might commit a super strike.

evidence that defendant might commit a super strike, which would permit the court to deny resentencing, but contends defendant remained a risk to public safety and it would not serve the interests of justice to reduce the sentence further. The response notes defendant was 44 years old when he committed the robberies and false imprisonment by violence, as well as defendant's lengthy criminal history, in-custody conduct and rules violations. Also listed was defendant's criminal history from 1987 to 2017, his work history in prison, and his rehabilitative and educational programming since 2017.

Defense counsel submitted no written reply or oral argument at the March 8, 2023 hearing. Counsel advised the trial court that she shared with the prosecutor defendant's C-files, and counsel reviewed the CDCR letter and the prosecution's response. Counsel expressed a willingness to submit the matter on the prosecution's sentencing calculations because striking the enhancements would reduce the sentence by double digits. Defendant appeared at the hearing via Webex and defense counsel explained to him on the record that because some enhancements would be stricken in addition to those already stricken by the court of appeal, she recommended he submit the matter rather than oppose it. She advised defendant he would have the right to appeal, but since the resentencing has "gone in your favor," it would be strictly his choice. Counsel asked for and obtained defendant's concurrence.

Upon recall, it is within the trial court's discretion to engage in full resentencing so long as it does not impose a sentence greater than the original. (*People v. Vaesau* (2023) 94 Cal.App.5th 132, 142.) Full resentencing also allows the court to revisit all prior sentencing decisions as to all counts (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902), and allows the court to consider a renewed *Romero* motion (see *People v. Hubbard* (2018) 27 Cal.App.5th 9, 12–13), to reconsider the terms of probation (*People v. Garcia, supra*, at p. 902), and whether to

impose concurrent or lower terms (see *People v. Salazar* (2023) 15 Cal.5th 416, 426–427, 428, 431).

Section 1172.1 provides "[r]esentencing may be granted without a hearing upon stipulation by the parties." (§ 1172.1, subds. (a)(8)(A).) Here defense counsel essentially stipulated to the court's proceeding without a hearing by submitting the matter upon the prosecution's response, after assuring the court that counsel had reviewed the relevant documents and verified the "calculation as accurate." Defense counsel also explained her intention to defendant on the record, and sought and obtained his concurrence.

The trial court confirmed and accepted the agreement, and resentenced defendant by striking the serious felony enhancements.

We conclude the record indicates the trial court was aware of the current law and accepted the parties' agreement, including defendant's concurrence. We therefore affirm the trial court's order.

## DISPOSITION

The judgment is affirmed.

_____

LUI, P. J.          CHAVEZ, J.          HOFFSTADT, J.

8